**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ANGEL CEBALLOS-LOERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-70507

Agency No. A206-105-388

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
Phoenix, Arizona

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Luis Angel Ceballos-Loera, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") order denying his applications for cancellation of removal and, in the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alternative, voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

We review questions of law *de novo*. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). Although we generally lack jurisdiction to review the BIA's discretionary determinations, *see Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 n.3 (9th Cir. 2021), we retain jurisdiction to consider colorable constitutional challenges and questions of law raised in a petition for review of a discretionary decision, 8 U.S.C. § 1252(a)(2)(D).

Ceballos-Loera's contention that the agency applied the incorrect legal standard regarding its voluntary departure analysis lacks support in the record. First, Ceballos-Loera asks the court to review the IJ's underlying discretionary analysis. We decline to do so. Where, as here, "the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks and citation omitted).

---

[1] The BIA denied Ceballos-Loera's application for cancellation of removal on two grounds. First, because he failed to establish exceptional and extremely unusual hardship to his two children should he be removed to Mexico; and second, because his circumstances did not warrant a favorable exercise of agency discretion. Ceballos-Loera has forfeited any review of his cancellation of removal claim because he failed to raise the issue in his opening brief. *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

Second, the BIA properly considered all equities in denying Ceballos-Loera's petition for voluntary departure. In exercising discretion to grant or deny requests for voluntary departure, the agency must "weigh favorable and unfavorable factors by evaluating all of them, assigning weight or importance to each one separately and then to all of them cumulatively." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (quoting *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993)). The BIA positively noted Ceballos-Loera's length of residence, sustained employment, positive support of his family, generally consistent payment of income taxes, purchase of and equity in his family home, and other family ties in the United States. The BIA negatively noted his 2007 DUI, failure to attend the related court hearing, and resulting warrant for his arrest. The BIA also negatively discussed Ceballos-Loera's failure to file tax returns for a four-year period and his use of a false social security number to obtain work. After balancing these equities, the BIA denied discretionary relief. No more is required from the agency. *See Zamorano*, 2 F.4th at 1221.

Finally, the BIA's correct voluntary departure analysis renders any error from the IJ's underlying determination harmless. *See id.* at 1228 (harmless error principles apply to immigration agency review).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.

3